[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
DEFENDANT'S MOTION TO MODIFY CODED 126
The defendant has filed a motion to modify alimony coded #126. The motion alleges as follows:
 1. On November 10, 1994, the marriage of the parties was dissolved and certain orders were entered pertaining to the support of the wife by way of a periodic alimony order in the amount of $1,500.00 per month payable one-half on the first of each month, and the balance on the 15th of each month.
CT Page 690
 2. Subsequent to the date of the decree, the wife has suffered a serious and debilitating heart condition which precludes her from working and supporting herself.
 3. In fact, the Defendant's sole income (other than alimony and child support) is Social Security disability income only in the amount of $470.00 per month.
 4. As a result of the heart problem of the Defendant, there has been a substantial change in circumstances which has altered the financial needs of the parties.
The threshold issue before the court is whether there has been a substantial change in circumstances as alleged in the motion for modification. The court finds the following facts that are not in dispute. The marriage between the parties was dissolved on November 10, 1994. The parties were married on April 4, 1971. The memorandum of decision dissolving the marriage in part found the following facts:
 Both of the parties are forty-seven (47) years of age. The husband is in good health. The wife testified that she suffers from clinical depression. It does not appear to this court that the wife is unable to work full-time because of any illness. She testified that she may require surgery in the near future for "female related problems." She further testified that she has not sought full-time employment.
 The wife presently works ten (10) hours a week and earns $20 an hour. She testified that she does not work full-time because Kara requires her support. The court cannot accept this as a valid reason, given the age of the child, the health of the wife, and the work history and her educational background. She also holds a Bachelor's degree from the University of Massachusetts.
 The court should note, however, that although the wife has the capacity to earn more money than she is presently earning, her skills are not equal to her husband's. She was the primary "home provider" while the husband ascended the corporate ladder and a degree of financial success which the wife will, perhaps, never equal.
 The husband is an engineer with Purdue Frederick. His base CT Page 691 salary is $77,000 and has received bonuses in the last two years. The most recent bonus was in December, 1993, in the amount of $7,500. The husband argues that there is no guarantee of future bonuses. . . .
 Both of the parties testified as to their respective opinions concerning the cause of the breakdown of the marriage. The court need not recite the allegations, it will merely conclude that the primary cause of the breakdown was a result of the husband's relationship with Marci Britt, which relationship commenced considerably before the husband left the marital home. . . .
 5. The husband shall pay the wife, as periodic alimony, the sum of $1,500 per month, payable one-half on the first of each month, and the balance on the 15th of each month.
 Said periodic alimony shall be paid until the happening of the first of the following events:
 (a) death of either party; (b) remarriage of the wife; (c) cohabitation by the wife; (d) twelve years from the date of this decree.
Alimony shall be nonmodifiable as to term.
 4. In addition to the payment of alimony ordered above, the court further orders that the husband, as further support for the wife in the nature of alimony, pay to the wife 20 percent of the gross of any annual bonuses he receives. The length of this alimony payment shall be in accordance with the terms set out in paragraph 3 above, and shall also be deductible by the husband and includable in the wife's income. . . .
 9. The husband shall, by quitclaim deed, transfer to the wife all of his right, title and interest in the marital home located at 18 Ashford Lane, Newtown, Connecticut. From the affidavits presented, the court can reasonably find that the property has a present equity value of approximately $78,000.
The court finds the following additional facts. On February 1, 1998, the, defendant suffered a heart attack. She had open heart surgery with a triple bypass the following day. She is presently unable to work. She had commenced working full-time approximately CT Page 692 one year after the dissolution of marriage as a tutor for adolescents involving substance abuse earning $22 hourly for a 20 to 30 hour workweek. That employment terminated in October of 1997. She was on unemployment compensation following which she was doing substitute teaching until her heart attack on February 1, 1998. The open heart surgery was not totally successful. She is presently on approximately twenty-three medications daily that her affect her mental acuity. As a result of the defendant's heart attack, which has adversely affected her health, there has been a substantial change in circumstances. The court further finds that the defendant's inability to work due to her heart attack, with the resultant reduction in her net weekly income from the income she was receiving at her employment at the time of dissolution to the amount that she now receives from social security, also constitutes a substantial change in circumstances. When it is found that there has been a substantial change in circumstances, the court may modify an existing order. The court considers all of the same general factors that are considered in entering the original order in determining what the modified order should be. At the present time, the defendant is receiving social security disability benefits of $470 monthly or $109 weekly. Her prescription costs for the co-pay on her various medications is $150 per month. In addition, her cost to maintain health insurance is $270 per month. She also takes a number of over-the-counter medications that has an average cost of $25 per month.
The defendant's financial affidavit, at the time of dissolution dated October 4, 1994, showed medical and dental expenses totaling $85 monthly for insurance. It also showed unreimbursed medical of $75 monthly and the cost of medicine/drugs of $90 monthly. The $85 monthly expenses were all for the defendant. The $75 monthly expenses was about 10 percent for the children with a balance for the defendant. The $90 monthly expense was approximately 10 percent for the children and 90 percent for the defendant.
At the present time, the plaintiff's gross weekly income is approximately $1,937.90 or $100,770.80 annually. His net weekly income excluding deductions for his 401K plan and United Way deductions is $1,256.75. He has bank accounts totaling approximately $2,250. He has a 401K plan with a value of $243,000, less a remaining balance of a loan of $315, for a net value of the 401K plan of $242,685. He still continues to hold his pension plans that were awarded to him at the time of CT Page 693 dissolution.
The parties have agreed that any modification should be retroactive to August 23, 1999.
The court enters the following orders:
 ORDERS
1. The existing alimony order of $1500 monthly is modified to $2100 per month, payable one-half on the first of each month and the balance on the 15th of each month.
2. This order is retroactive to August 23, 1999.
3. The existing order of the plaintiff paying 25 percent of the gross of any annual bonus he receives and the existing life insurance order are not modified.
4. Any overpayments that may have been made by the plaintiff to the defendant as of the date of the hearing on this motion, as well as any arrearage that is created as a result of this order, will have to have a separate hearing to determine the net amount of the arrearage owed by the plaintiff to the defendant. That net arrearage is to be paid by the plaintiff to the defendant at the rate of $420 monthly.
5. No counsel fees are awarded in favor of either party.
Axelrod, J.